T.C. Memo. 2003-228

UNITED STATES TAX COURT

JOHN D. AND KIM M. HINTERLEITNER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9562-02.              Filed July 31, 2003.

<u>John Harrison Wegge</u>, for petitioners.[1]

<u>Donna L. Pahl</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  Petitioners petitioned the Court under
section 6404(h) to review the Commissioner's determination not to
abate interest for 1995 through 1997.  Following respondent's

_____

[1]John D. Hinterleitner (Mr. Hinterleitner) and Kim M.
Hinterleitner petitioned the Court on July 15, 2002.  John
Harrison Wegge entered his appearance on May 9, 2003, at trial.

concession that the Commissioner will abate all interest accruing after May 31, 2000, we determine whether the Commissioner abused his discretion under section 6404 by not abating more of the interest. We hold he did not. Unless otherwise indicated, section references are to the applicable versions of the Internal Revenue Code. Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Most facts were stipulated. We incorporate herein by this reference the parties' stipulation of facts and the exhibits submitted therewith. We find the stipulated facts accordingly. Petitioners resided in Phillips Ranch, California, when their petition was filed with the Court.

Petitioners filed their 1995 Form 1040, U.S. Individual Income Tax Return, on October 21, 1996, claiming an overpayment of $286. A notice of deficiency for 1995 was issued to them listing a deficiency of $11,073 (plus a penalty). They did not petition the Court with respect to this notice. On April 13, 1998, the Commissioner assessed the deficiency, penalties, and interest. On August 31, 1998, a Notice of Federal Tax Lien (NFTL) was filed with respect to this assessment.

Petitioners filed their 1996 Form 1040 on October 16, 1997, with a balance due of $4,732. They did not submit this balance with their return. On November 17, 1997, the Commissioner

assessed petitioners' unpaid liability for 1996 (including a penalty and interest). An NFTL was filed on August 31, 1998, with respect to this assessment.

Petitioners filed their 1997 Form 1040 on April 15, 1998, with a balance due of $4,395. Petitioners did not submit this balance with their return. On May 18, 1998, the Commissioner assessed petitioners' unpaid tax liability for 1997 (including penalties and interest). An NFTL was filed on November 24, 1998, with respect to this assessment.

Mr. Hinterleitner had unpaid employment taxes for 1994. These taxes (including interest) were assessed on February 3, 1997. An NFTL was filed on July 29, 1998, with respect to this assessment.

In 1999, petitioners entered into an installment agreement to make payments on their 1995 through 1997 income tax liabilities and on Mr. Hinterleitner's employment tax liabilities for 1994.

In June 2000, petitioners wanted to refinance some real property but were unable to do so without addressing the outstanding NFTLs. Petitioners met with Revenue Agent Ruben Villareal (Mr. Villareal) on June 1, 2000, to discuss the refinancing and NFTLs. Pursuant to Mr. Villareal's suggestion, petitioners filed with the Commissioner Forms 843, Claims for Refund and Request for Abatement, for 1995, 1996, and 1997.

These forms were signed by petitioners on June 12, 2000, and received by the Commissioner on July 12, 2001.[2]  On April 4, 2002, respondent issued a Notice of Final Determination disallowing these claims.

                              OPINION

     As applicable to 1995 and 1996, section 6404(e)(1) permits the Commissioner to abate the assessment of interest on:  (1) Any deficiency attributable to any error or delay by an officer or employee of the Internal Revenue Service in performing a ministerial act, or (2) any payment of any tax described in section 6212(a) to the extent that any error or delay in payment is attributable to the officer's or employee's being erroneous or dilatory in performing a ministerial act.  As applicable to 1997, section 6404(e) permits the Commissioner to abate interest with respect to any "unreasonable" error or delay resulting from managerial or ministerial acts.  See sec. 301(a)(1) and (2) of the Taxpayer Bill of Rights 2, Pub. L. 104-168, 110 Stat. 1457 (1996), effective for interest accruing with respect to deficiencies for taxable years beginning after July 30, 1996.

     The temporary regulations interpreting section 6404(e) define a "ministerial act" as "a procedural or mechanical act that does not involve the exercise of judgment or discretion, and

---

     [2] The record does not explain why these forms were received by the Commissioner 13 months after petitioners signed them.

that occurs during the processing of a taxpayer's case after all prerequisites to the act, such as conferences and review by supervisors, have taken place." Sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987). The final regulations under section 6404(e), which were issued on December 18, 1998, generally effective with respect to interest accruing on deficiencies or payments of tax for taxable years beginning after July 30, 1996, provide the same definition. Sec. 301.6404-2, Proced. & Admin. Regs. The final regulations note that a managerial act is "an administrative act that occurs during the processing of a taxpayer's case involving the temporary or permanent loss of records or the exercise of judgment or discretion relating to management of personnel." Sec. 301.6404-2(b)(1), Proced. & Admin. Regs.

We review for abuse of discretion the Commissioner's determination denying an abatement of interest. See sec. 6404(i); Lee v. Commissioner, 113 T.C. 145, 149 (1999). We find no abuse of discretion here. Petitioners have not established any unreasonable error or delay on behalf of the Commissioner in performing a ministerial or managerial act that occurred before June 1, 2000. In fact, the record indicates that the interest accruals before June 1, 2000, were merely the result of petitioners' failure to pay the entire balance owed, and not the

result of an employee of the IRS being erroneous or dilatory in performing a ministerial or managerial act.

Given that petitioners have not established that respondent abused his discretion as to his determination of the disputed interest, we sustain that determination.  To reflect respondent's concession,

<u>Decision will be entered</u>

<u>under Rule 155</u>.